**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALTON CRAIN JR,<br>*Plaintiffs* | §<br>§ | |
| | § | |
| v. | § | Case No. SA-24-CV-00626-XR |
| | § | |
| JUDSON ISD, *et al.*;<br>*Defendants* | §<br>§ | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this date the Court considered United States Magistrate Judge Richard B. Farrer's sealed Report and Recommendation ("R&R"), filed on July 1, 2026 (ECF No. 51), recommending that the Court grant Defendants' motion to dismiss (ECF No. 22) but permit Plaintiff an opportunity to seek leave to file an amended complaint.. After careful consideration, the Court issues the following order.

**BACKGROUND**

Pro se Plaintiff Alton Crain, Jr., was a special-education teacher formerly employed by Defendant Judson Independent School District ("Judson ISD"). ECF No. 6 at 6. Crain states in his Amended Complaint, that he had over 17 years of experience at his job, and that he "never had a poor evaluation[,] been written up[,] or needed a personal improvement plan." *Id*. He worked with or under the individual Defendants in their capacities as employees of Judson ISD. *See id*. at 4, 6–10 (lodging allegations against the deputy superintendent of administration and operations, superintendent, HR director, and principal under whom Crain allegedly worked).

Crain's Amended Complaint alleges that "[a]t the hands of uncertified staff the administration knew an uncertified intern was aggressive" with, and essentially abused, students with certain disability accommodations mandated by the Rehabilitation Act. *Id*. at 6. Crain alleges

that "[t]he student was so severely injured that the student had to be hospitalized." *Id*. at 8. When Crain attempted to report this alleged abuse to Defendants, the Amended Complaint alleges, he became the target of a campaign of "coordinated retaliation." *Id*. at 6.

While the Amended Complaint is not always clear, it appears that Crain ultimately resolved his issues with Judson ISD and its employees by entering into a resignation agreement with the school district on June 10, 2020, releasing Judson ISD and its employees from "all claims, causes of action, rights and obligations arising under common law or under federal or state constitutions or laws and relating to, arising out of or regarding any acts or events occurring before the date of execution of this Agreement." *See generally id*. (making reference throughout to a resignation agreement); *see* ECF No. 23-2 (sealed resignation agreement). Crain agreed to refrain from "instituting, prosecuting, pressing, or in any way aiding in the institution or prosecution of any lawsuit, claim, action, grievance, appeal or administrative proceeding against Judson ISD, its past, present and future trustees, employees, representatives, and assigns" for claims relating to the same acts or events occurring before the agreement's execution. The resignation agreement carves out an exception, however, stating that it did *not* "prohibit[] [Crain] from filing an administrative charge or complaint with the EEOC, or from participating in or assisting the EEOC in the investigation or processing of any such administrative charge." *Id*. at 2.

Although Crain appears to allege that certain retaliatory actions continued to occur after the execution of the resignation agreement, close scrutiny of the complaint reveals that these allegations regard denials of access to remedial procedures that were foreclosed by the resignation agreement's terms. ECF No. 6 at 6–7, 9–10. Crain moreover appears to allege that a breach of the agreement by Judson ISD invalidated its terms, and that it is unenforceable for being unconscionable, entered into under duress, and as violative of public policy. *See id*. at 6–10.

The Amended Complaint organizes Plaintiff Crain's claims as follows: (1) various claims alleging deprivation of constitutional or federal statutory rights, apparently asserted via 42 U.S.C. § 1983, including alleged violations of 42 U.S.C. § 13031(b), 35 C.F.R. § 134.28, and 34 C.F.R. § 104.61; (2) violations of Texas Family Code, Government Code, and Education Code retaliation provisions; and (3) breaches of Crain's employment contract's provisions regarding termination and nonrenewal, as well as breaches of the resignation agreement. *Id*. at 2–4.

Defendants moved to dismiss, invoking the resignation agreement and further asserting that Plaintiff had failed to state a federal claim under Rule 12(b)(6) and that the Court lacks subject matter jurisdiction over Plaintiff's state-law claims. *See* ECF No. 22.

On June 30, 2026, the Magistrate Judge issued an R&R explaining that, while Crain's claims are likely precluded by the resignation agreement, Judson ISD had not sufficiently briefed the issue, and Crain was not required to plead around the affirmative defense of contractual release to survive a motion to dismiss. *See* ECF No. 51. Ultimately, after analyzing Plaintiff's Amended Complaint, the Magistrate Judge recommended "granting Crain leave to amend for the limited purpose of asserting a claim against Judson ISD, and only Judson ISD, under the ADA for retaliation. . . . In addition, his amended pleading can include a claim against Judson ISD under Texas Family Code § 261.110, and potentially other state-law retaliation provisions, *if and only if* he can direct the Court to waivers of immunity. The amended pleading should plead whether or not Crain has exhausted any ADA or Rehabilitation Act claim, and it should attach all correspondence to and from any agency with which Crain exhausted or attempted to exhaust a claim." ECF No. 51 at 24 (citations omitted).

The next day, Plaintiff requested an extension of time to August 15, 2026 to file: (1) objections and/or (2) a Second Amended Complaint consistent with the Magistrate Judge's guidance. ECF No. 52.

The Magistrate Judge granted Plaintiff's request to extend the deadline for filing objections to August 15, 2026, but denied all other relief "without prejudice to requesting an extension to file an amended complaint *after the District Judge rules on the Report and Recommendation*, if the District Judge adopts the recommendation that Plaintiff be granted leave to file an amended complaint." *See* Text Order dated July 10, 2026. Despite this order, Plaintiff filed a Second Amended Complaint on August 14, 2026, without seeking leave from the Court. *See* ECF No. 53. Plaintiff has not filed any objections to the R&R, and the time to do so has expired.

**DISCUSSION**

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Because no party has timely objected to the R&R, the Court need not conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1). The Court has reviewed the R&R and finds it to be neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation (ECF No. 51).

It is **ORDERED** that Defendants' motion to dismiss (ECF No. 22) is **GRANTED**, and Plaintiff's claims against them are **DISMISSED WITHOUT PREJUDICE** pursuant to Rules 12(b)(1) and 12(b)(6).

It is **FURTHER ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 53) is construed as a *motion for leave to file* his Second Amended Complaint, to which Defendants may respond in accordance with Local Rule CV-7(D). The Clerk is **DIRECTED** to **CONVERT** ECF No. 53 to a motion.

It is **FURTHER ORDERED** that Plaintiff's motion for alternative service (ECF No. 33) is **DENIED WITHOUT PREJUDICE** to refiling, given that there is not a currently a live pleading requiring service.

The Clerk is **DIRECTED** to send a copy of this order to Alton Crain, Jr., 8528 Alton Blvd., Selma, TX 78154 and craina2014@gmail.com.

It is so **ORDERED**.

**SIGNED** this 17th day of August, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE